IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KELSEY JENNINGS, #111297                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:13CV938-LRA
                                                              ( 4:11cv83)
GEO GROUP, INC., AND
SGT. SCOTT HAGERMAN                                              DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant GEO Group, Inc. ["GEO"] filed a Motion for Summary Judgment in this case which is before the Court for consideration.  Defendant Sgt. Scott Hagerman has not been served with process and is no longer employed by the GEO Group.   GEO alleges that Kelsey Jennings (hereinafter "Jennings" or "Plaintiff") failed to exhaust the remedies available to him through the Administrative Remedy Program [ARP] at East Mississippi Correctional Facility [EMCF] prior to filing this suit.  GEO also asserts that the same analysis applies to the unserved Defendant Hagerman.

Jennings contends that on January 17, 2011, while he was housed at EMCF, Defendant Hagerman sprayed mace on him and slammed his arm and hand in the tray slot of his cell.  He was then denied a shower to wash the mace off and was denied medical treatment.  Three days after the incident, he filed a grievance with the ARP program.  He filed this lawsuit on May 12, 2011, before his Third Step Response was completed, and only four months after the incident.

Jennings admitted in his Complaint that he did not complete the grievance procedures prior to filing this federal lawsuit.  In his Complaint, page 3, he stated that he

had not completed the ARP, that "the process is on-going.  Yet a useless procedure due to its inability to award monetary or punitive damages in which I seek."   Jennings also admitted to the Court at the omnibus hearing that his Third Step was still pending at the time [26-1, pp. 4-6].

Because Jennings failed to complete the entire administrative review process before filing suit, Defendant requests the Court to dismiss this lawsuit.  In support, Defendant attached to his motion the omnibus hearing transcript [26-1].  As Defendant points out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of

2

whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*   In this case, Jennings does contend that it is money damages that he seeks, and charges that the ARP is a "useless procedure."  Complaint, [1] p. 3.  The law does not excuse exhaustion for this reason, however.  *See also Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529, 531 (5th Cir. 2002) (a prisoner must exhaust "irrespective of the forms of relief sought and offered through administrative avenues").

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."   The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint.  *Id.* However, a case is still subject to dismissal where exhaustion is not pled.  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The PLRA governs Jennings's claims.  Accordingly, he was required to complete the EMCF's grievance procedure in its entirety before filing suit under § 1983.  The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).   The Court specifically stated:

> ... **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding.  **Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.**

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

In this case, Jennings clearly did not exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.  Defendant quotes Plaintiff's testimony from the omnibus hearing wherein he confirms that he had not completed the ARP process on the date of the incident.  Jennings may not have understood that the law required him to complete the ARP procedure before filing this lawsuit---  but not knowing the law does not allow this Court to excuse his failure to exhaust.

Jennings was ordered on April 26, 2012, [24] to show evidence of exhaustion before May 21, 2012.  He never filed a response as directed, nor has he filed a response to the motion now before the Court.  He was also directed to provide an address for Defendant Hagerman before May 19, 2012, or to show cause in writing as to why his case should not be dismissed as to Hagerman.  Jennings failed to respond to that Order.

4

For these reasons, the Court finds that Defendant's Motion for Summary Judgment [26] is **granted** and Plaintiff's Complaint shall be dismissed without prejudice.   Because the same law applies to the unserved Defendant Hagerman, the case shall also be dismissed as to him.

IT IS THEREFORE ORDERED that the Complaint is dismissed without prejudice.  Final Judgment shall be entered on this date.

SO ORDERED this the 6th day of May 2014.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE